UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JESSICA YVONNE MATTHEWS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:19-cv-00026 |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

This action arises out of a home equity conversion mortgage transaction, commonly called a reverse mortgage. Jessica Yvonne Matthews ("Mrs. Matthews") alleges that Bank of America ("BOA") engaged in prohibited acts under Tennessee's Home Equity Conversion Mortgage Act ("HECMA"), Tenn. Code Ann. § 47-30-101, et seq., and committed fraud or constructive fraud. Pending is Mrs. Matthews' Motion to Remand (Doc. No. 8) and BOA's Motion to Dismiss (Doc. No. 6). For the reasons that follow, the motions will be denied.

I.    Allegations

Mrs. Matthews and her husband Gayle Ceron Matthews ("Mr. Matthews") resided at 190 Turkey Creek Highway, Carthage, Tennessee (the "Property"). Mr. Matthews sought a reverse mortgage from BOA. He executed a Fixed Rate Note (the "Note") providing that BOA would advance him "up to a maximum principal amount of $177,000.00," and that he "promise[d] to pay to [BOA] a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with Interest . . at the rate of . . . 5.49% per year until the full amount of principal has been paid." (Doc. No. 6-2.) Paragraph 6(A) of the Note, entitled "IMMEDIATE PAYMENT-IN-FULL . . . Death or Sale," provides that "Lender may require immediate payment-in-full of all

outstanding principal and accrued interest if: (i) [a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." (Id. at ¶ 6.) Mrs. Matthews did not sign the Note and is not listed as a Borrower. (Id. at ¶ 1 (definition of Borrower) and p. 5 (signatures)).

The Note was secured by a Fixed Rate Home Equity Conversion Deed of Trust ("Deed of Trust"). (Doc. No. 1-1.) Under the Deed of Trust, BOA "may require immediate payment-in-full of all sums secured by [the Deed of Trust] if . . . A Borrower dies and the Property is not the principal residence of at least one surviving Borrower." (Doc. No. 10-1 at 15, ¶ 9(a)(1)). The Deed of Trust further provides that after the lender requires payment-in-full, it "may invoke the power of sale." (Id. at ¶ 20.) In such event, any person holding possession of the Property through the Borrower must immediately surrender possession of the Property to the purchaser at the sale. (Id.) Although the "Borrower" is identified as Mr. Matthews in the Deed of Trust (Doc. No. 6-3 at 1), it was executed by both Mr. and Mrs. Matthews as "Borrowers" (id. at 10).

As part of the transaction, BOA required Mrs. Matthews to execute a Quitclaim Deed transferring all of her rights, title, and interest in the Property to Mr. Matthews. (Doc. Nos. 10-1 at ¶¶ 5, 8-10; 10-1 at Ex. A; 6-3 at 2.) According to Mrs. Matthews, BOA assured her this would not affect her right to continue living in the Property if she was predeceased by Mr. Matthews. (Doc. No. 10-1 at ¶ 9.) Mrs. Matthews avers that she believed she was executing the Quitclaim Deed to obtain the reverse mortgage and to remain in the Property regardless of what might happen. (Id. at ¶ 16.) She alleges that she would not have executed the Quitclaim Deed or Deed of Trust if she had known she could lose the Property upon Mr. Matthews' death. (Id. at ¶ 9, 11.)

Mr. Matthews passed away in June 2013. He left all property to Mrs. Matthews. (Doc. No. 1-1 at 8.) In February 2018, Mrs. Matthews filed a Petition to probate his will in the Probate Court for Smith County, Tennessee. (Id. at 2-5.) The Petition asserted that Mr. Matthews' estate, which

included the Property, passed to Mrs. Matthews according to the terms of Mr. Matthews' will. (Id.) The Probate Court admitted Mr. Matthews' will to probate and issued Letters Testamentary to Mrs. Matthews as Executrix. (Id. at 6-7.) There is no allegation that BOA made a claim on the Property in probate.

Subsequently, BOA notified Mrs. Matthews that it intended to foreclose on the Property due to "a default having occurred." (Doc. No. 10-1 at ¶ 18.) Mrs. Matthews was surprised by this turn of events. (Id. at ¶ 19.) Mrs. Matthews believed that the Deed of Trust gave her the right of possession to the Property. To protect her possessory interest, Mrs. Matthews filed an action in the Chancery Court of Smith County seeking an injunction to prohibit the foreclosure. (Doc. No. 1-1 at 18-21.) The Chancery Court granted a temporary injunction. (Id. at 16-17.) BOA then filed a motion to dismiss the petition for injunctive relief (id. at 29-30), which was granted (id. at 54).

Mrs. Matthews filed an Amended Petition in the Chancery Court against BOA in March 2019.[1] (Doc. No. 10-1.) She described it as an action under the "laws and statutes governing Fixed Rate Home Equity Conversion Mortgages in the State of Tennessee." (Doc. No. 10-1 at 3.) The Amended Petition restated the initial allegations and added allegations that BOA misrepresented material facts, made false promises, and took unfair and deceptive actions related to the reverse mortgage. (Id. at 4-5.) Based upon these claims, Mrs. Matthews alleges that BOA violated HECMA and committed fraud or constructive fraud. (Id. at 6-7.) She seeks injunctive relief against foreclosure and money damages. (Id. at 7-8.)

---

[1] The Amended Petition is incorrectly captioned for the Smith County Probate Court. However, it bears the docket number of the Smith County Chancery Court. (Doc. No. 10-1.)

II.  Motion to Remand

After eleven months, BOA removed the Chancery Court action to this Court on the basis of diversity jurisdiction. (See Doc. Nos. 1, 1-1.) Mrs. Matthews agrees diversity jurisdiction exists, but contends that remand is proper under the probate exception.

The probation exception is narrow. This reflects the general rule that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." Marshall v. Marshall, 547 U.S. 293, 312 (2006). Federal courts are able to handle suits related to a decedent's estate as long as the federal court does not interfere with the probate proceedings or take jurisdiction over probate itself or of property that is in the custody of a state probate court. Cartwright v. Estate of Peterson, Case No. 3:17-cv-01464, 2018 WL 4945232, at * 2 (M.D. Tenn. July 2, 2018).

The Sixth Circuit explains that the probate exception applies in three circumstances: (1) if the plaintiff seeks to probate a will; (2) if the plaintiff seeks to annul a will; or (3) if the plaintiff seeks to reach a *res* over which a state court has custody. Chevalier v. Estate of Barnhart, 803 F.3d 789, 801 (6th Cir. 2015) (quoting Wisecarver, 489 F.3d at 750); Wildasin v. Mathes, Case No. 3:14-cv-02036, 2019 WL 2269878, at *4 (M.D. Tenn. May 28, 2019). The first two circumstances are not at issue here. So, the question is whether the Chancery Court action seeks to reach a *res* over which the Probate Court has jurisdiction. Id. at 801-804. Determining if the probate exception applies is a two-step process. First, the Court must identify whether the causes of action are *in personam* or *in rem*. Chevalier, 803 F.3d at 801-802. Second, the Court must determine whether the plaintiff has asked a federal court to "elbow its way into" an ongoing "fight[ ] over a property or a person in [another] court's control." Id. The latter question cannot be answered in the

4

affirmative "unless a probate court is *already* exercising *in rem* jurisdiction over the property" at the time the case arrives in federal court. Id. at 804 (emphasis added).

Here, the Chancery Court action seeks to resolve the dispute between Mrs. Matthews and BOA arising from her execution of the Deed of Trust and the Quitclaim Deed. She challenges the validity of both documents and thus BOA's right to foreclosure. Mrs. Matthews' statutory and tort claims are *in personam* claims against BOA that challenge only BOA's actions regarding the reverse mortgage process. Her claims do not require the Court to assume jurisdiction over the Property. See Chevalier, 803 F.3d at 801-02 (claims for breach of contract, default, unjust enrichment, fraud, and constructive trust were *in personam* and did not trigger the probate exception). The Court is capable of adjudicating Mrs. Matthews' claims against BOA without taking jurisdiction over matters of probate. For these reasons, the probate exception does not apply. The Motion to Remand will be denied.

III. Motion to Dismiss

BOA moves to dismiss Mrs. Matthews' (1) HECMA claim for lack of standing or because it is time-barred, and (2) fraud and constructive fraud claims because they are precluded by Tennessee' Statute of Frauds or the plain language of the reverse mortgage documents.

A. Legal Standard

To survive a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "If the plaintiffs do not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed." Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013) (citation and brackets omitted). Dismissal is likewise appropriate where the complaint, however factually

5

detailed, fails to state a claim as a matter of law. Mitchell v. McNeil, 487 F.3d 374, 379 (6th Cir. 2007). The Court construes the complaint in the light most favorable to the non-moving party, accepts its allegations as true, and draws all reasonable inferences in favor of the nonmoving party. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). However, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999); Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996).

In resolving the Motion to Dismiss, the Court considers the Quitclaim Deed and the Deed of Trust, which are exhibits to the pleadings. Fed. R. Civ. P. 10(c). The Court also considers the Note, which is attached to the Motion and central to the claims in this case, without converting the motion into one for summary judgment. Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007).

B. Analysis

1. Standing to Bring HECMA Claim

BOA first argues that Mrs. Matthews' HECMA claim fails because she lacks "prudential standing." BOA contends that Mrs. Matthews is not within the class of persons HECMA is designed to protect. Mrs. Matthews asserts that she has prudential standing because she has suffered an injury in fact, arising from her relationship with her deceased husband.

For a suit to qualify as a "case" under Article III, the party seeking relief must have standing. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-04 (1998). Article III standing requires a party to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "In addition to Article III's standing floor,

the Supreme Court also once adopted 'judicially self-imposed limits on the exercise of federal jurisdiction' that Article III otherwise would permit." In re Capital Contracting Co., 924 F.3d 890, 894 (6th Cir. 2019) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). The Supreme Court used to refer to these limits as the "'prudential' branch of standing." Id.

In Lexmark International, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125-28 (2014), the Supreme Court "jettisoned the label 'prudential standing'" used by BOA. In re Capital Contracting Co., 924 F.3d at 893. Instead, "it clarified that prior decisions invoking the 'prudential standing' label had really asked a statutory-interpretation question: Does the specific statute give the specific plaintiff a right to bring the specific suit?" Id. (citing Lexmark, 572 U.S. at 128). "If the statute does so, courts lack discretion to decline to hear the claim: Just as courts do not have a 'prudential' license to open the courthouse doors when the statutory text has closed them, Lexmark reasoned, so too they lack a 'prudential' license to close the courthouse doors when the statutory text has opened them." Id. In the wake of Lexmark, the Court of Appeals recently summarized:

> To sue in federal court, a plaintiff must have standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citing U.S. Const. art. III, § 2). If the plaintiff lacks standing, then the court lacks jurisdiction. In contrast, the absence of a cause of action is a *merits* issue that does not implicate the court's constitutional power to decide the case. Lexmark, 572 U.S. at 128 n.4[;] see also In re Capital Contracting Co., 924 F.3d [at 893]. Determining whether the plaintiff has a cause of action is a "straightforward question of statutory interpretation." Lexmark, 572 U.S. at 129[.] We ask "whether [the plaintiff] falls within the class of plaintiffs whom Congress has authorized to sue," and we answer that question using the "traditional tools" of statutory interpretation. Id. at 127-28[.]

Keen v. Helson, 930 F.3d 799, 802 (6th Cir. 2019) (emphasis in original).

BOA argues that Mrs. Matthews' HECMA claim should be dismissed because she is not a "Borrower" under the Note. Despite BOA's argument, HECMA does not require that a plaintiff be a "borrower." Rather, HECMA broadly provides: "*A person damaged* by a lender's actions may file an action in civil court to recover actual and punitive damages. Attorneys' fees shall be

7

awarded to a prevailing *borrower*. Nothing in this chapter shall limit any statutory or common law right of *a person* to bring an action in court for any act, nor shall this chapter limit the right of the state to punish a person for the violation of any law." Tenn. Code Ann. § 47-30-116(d) (emphasis added). The Court's analysis begins and ends with this unambiguous statutory text. Keen, 930 F.3d at 802. The Tennessee legislature used the words "a person damaged," and not a borrower, when specifying who could bring an action under HECMA. Mrs. Matthews is "a person" who alleges she has been injured by BOA's conduct in violation of HECMA, she has standing to bring this claim.

### 2. Statute of Limitations for HECMA Claim

HECMA does not include a statute of limitations. So the parties dispute whether the Court should apply the one-year period of Tenn. Code Ann. § 28-3-104(a)(1)(C) for actions seeking statutory penalties, or the ten-year period of Tenn. Code Ann. § 28-3-110(a)(3) for "all other cases not expressly provided for." However, this debate is academic because this action is timely under either.

Here, Mrs. Matthews alleges that due, in part, to BOA's violations of HECMA, she did not have any idea her right to continue to live in the Property after Mr. Matthews' death was in jeopardy until she received BOA's first foreclosure notice on April 19, 2018. (Doc. No. 10-1 at ¶ 19.) Further, the Amended Petition alleges that BOA's actions "prior to, during, and subsequent to the execution of the documents relating to the reverse mortgage," which fomented Mrs. Matthews' belief regarding her right to remain in the Property, constituted prohibited acts under HECMA. (Id. at ¶ 20.) Mrs. Matthews alleges BOA made material misrepresentations to her to induce her to enter into the reverse mortgage transaction, but BOA only allegedly acted upon Mrs. Matthews' resulting misunderstandings years later.

Mrs. Matthews is entitled to the equitable exception of the discovery rule. See Pero's Steak and Spaghetti House v. Lee, 90 S.W.3d 614, 621 (Tenn. 2002) (explaining that the discovery rule "tolls the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained"). She is deemed to have discovered her HECMA claim as of April 19, 2018, when BOA first notified her of its intent to foreclose. Indeed, it would have been impossible for Mrs. Matthews to pursue relief under HECMA at a prior time, when there was no suggestion in her mind that she had been wronged by BOA in the reverse mortgage transaction. The mere existence of the reverse mortgage documentation does not alter this conclusion, as BOA contends, because Mrs. Matthews' alleges violations regarding those very documents. Mrs. Matthews filed the Amended Petition in the Smith County Chancery Court less than eleven months after April 19, 2018 – on March 6, 2019 – making it timely.

The HECMA claim will proceed.

### 3. Fraud and Constructive Fraud Claims

BOA first argues that Tennessee's Statute of Frauds precludes Mrs. Matthews' fraud claims because she cannot rely upon oral statements to contradict the written terms of the Deed of Trust or the Quitclaim Deed. However, the essence of Mrs. Matthews' Chancery Court action, now removed to this Court, is that BOA tricked her through its fraudulent oral statements to sign the Quitclaim Deed and the Deed of Trust.

Mrs. Matthews' *fraud claims* are not subject to the Statute of Frauds or the parol evidence rule as BOA advances. In Jarrett v. Epperly, a case involving both contract and fraud claims, the Court of Appeals held that the Tennessee Statute of Frauds does not apply to tort claims. 896 F.2d 1013, 1019 (6th Cir. 1990) (citing Haynes v. Cumberland Builders, Inc., 546 S.W.2d 228, 231

9

(Tenn. Ct. App. 1976)). Nor does parol evidence rule, in the manner suggested by BOA, bar evidence of oral representations in fraud claims. See Kolstad v. Leehar Distrib., LLC, Case No. 3:19-00060, 2018 WL 6832086, at *4 (M.D. Tenn. Dec. 28, 2018) (collecting Tennessee cases). Mrs. Matthews' fraud and constructive fraud claims, although rooted in the reverse mortgage transaction, clearly sound in tort. (Doc. No. 10-1 at ¶¶ 22-23.) She is not suing BOA for breach of contract. Neither the Tennessee Statute of Frauds nor parol evidence rule require dismissal of her tort claims.

The fraud and constructive fraud claims will proceed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE